## Moran v. Ladbroke Racing Management-Pa. Inc.

*Timothy A. Fedele,* for plaintiff.
*Stuart A. Williams,* for defendant.

McCORMICK, *J.,* August 25, 1992—This matter is before the court on the defendant's (Ladbroke's) preliminary objections to amended complaint in the nature of a demurrer. The plaintiff (Moran) originally filed a two count complaint, alleging wrongful discharge and defamation with regard to his dismissal from employment with Ladbroke. Moran pleaded that he was employed as an assistant manager when he became aware of allegations that his supervisor was maintaining a personal relationship with a female employee, despite a company policy prohibiting such relationships. Moran discussed

with his supervisor this alleged relationship and company policy, and was terminated shortly thereafter.

By order of court dated March 16, 1992, this court directed Moran to amend his original complaint because it failed to specifically state a cause of action for wrongful discharge by failing to show a violation of public policy in his dismissal. The original complaint succeeded only in pleading a violation of corporate policy, which is not sufficient to support a cause of action for wrongful discharge. Also, the original complaint did not allege sufficient facts to support a defamation claim.

Moran thereafter filed an amended complaint, which is nearly identical to the original complaint, with the exceptions that it alleges Ladbroke discharged him with "specific intent to harm," Ladbroke acted abusively and maliciously, and the defamation claim had not been pleaded. As with the original complaint, this court is asked to determine if the amended complaint adequately states a cause of action for wrongful discharge. This court is satisfied that it does not.

There is no question that Moran was an at-will employee, having been employed without benefit of an employment contract or a collective bargaining agreement. As such, there is no common law cause of action for wrongful discharge unless it can be shown that the discharge violates a clearly established public policy. *Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). As a general rule, an at-will employee may be terminated for good reason, bad reason, or no reason at all. *Hershber-*

*ger v. Jersey Shore Steel Co.,* 394 Pa. Super. 363, 575 A.2d 944 (1990). Exceptions to this rule have been recognized in this most limited of circumstances, i.e. where discharges of at-will employees would contravene clear mandates of public policy. *Paul v. Lankenau Hospital,* 524 Pa. 90, 569 A.2d 346 (1990).

Moran contends his allegations that Ladbroke acted maliciously, abusively and with the specific intent to harm him, make out a cause of action for wrongful discharge. Moran relies on *Geary, supra,* and *Booth v. McDonnell Douglas Truck Services Inc.,* 401 Pa. Super. 234, 585 A.2d 24 (1991), for the proposition that a cause of action for wrongful discharge exists where the employer terminates an employee with specific intent to harm. In *Booth,* the Superior Court considered an action brought by an employee who claimed he was discharged over a dispute as to the amount of compensation due him. Although the Superior Court acknowledged a cause of action for wrongful discharge where the employer acts with specific intent to harm, the court went on to conclude that the employee did not show such intent.

However, only four days after *Booth,* the Superior Court decided *Yetter v. Ward Trucking Corp.,* 401 Pa. Super. 467, 585 A.2d 1022 (1991), which dismisses the notion that a cause of action can be sustained on the allegation of termination with specific intent to harm. The court stated:

"Although in several cases this court has interpreted *Geary* as recognizing a cause of action under the specific

intent to harm theory,... [i]n at least one case, this court has interpreted *Geary* as viewing a discharge motivated by specific intent to harm as an example of when a discharge violates public policy. *Yaindle v. Ingersoll-Rand Co. Standard Pump-Aldrich Div.,* 281 Pa. Super. 560, 422 A.2d 611 (1980). We note that all of these cases were decided prior to the *Clay* and *Paul* cases, which clearly hold that the only exception to the employment at-will doctrine is where the discharge violates clear mandates of public policy. Thus, to survive a challenge of failure to state a cause of action, the complaint must establish the violation of a public policy." *Yetter,* 585 A.2d 1025-1026. (citations omitted)

After considering *Booth* and *Yetter,* as well as *Geary, supra, Clay v. Advanced Computer Applications Inc.,* 522 Pa. 86, 559 A.2d 917 (1989), *Paul v. Lankenau Hospital, supra,* and the many other decisions cited by the parties, it is the opinion of this court that the law of Pennsylvania is that a cause of action for wrongful discharge can be sustained only where the discharge violates clear mandates of public policy, and an allegation of termination with specific intent to harm is but a factor in determining whether the complaint establishes a violation of public policy. The specific intent to harm allegation, by itself, does not suffice as "magic words" to make out a cause of action. Instead, the factual allegations in the complaint must be read as a whole in determining if public policy has been violated.

In so acting, it is apparent that the facts pleaded in this amended complaint do not rise to the level of alleging a violation of public policy and, therefore, the amended

complaint does not state a cause of action for wrongful discharge. Like the original complaint, the amended complaint establishes only a breach of corporate policy, but such a breach is not so significant as to be recognized as an exception to the common law doctrine of at-will employment.

Moran alleges that the personal relationship between his supervisor and a female employee "involved either circumstances of sexual harassment or the obvious opportunity for sexual harassment...." But this is not a factual allegation sufficient to sustain a cause of action in the Court of Common Pleas. If this relationship involved sexual harassment, the plaintiff must first exhaust his administrative remedies under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* *Clay v. Advanced Computer Applications Inc., supra.* If the relationship involved only the opportunity for sexual harassment, the claim must fail for not being a justiciable controversy. In either event, Moran has not pleaded a violation of public policy which would support the action. Accordingly, the defendant's preliminary objections will be granted and the plaintiff's complaint will be dismissed.

## ORDER OF COURT

And now, August 25, 1992, after careful consideration of the preliminary objections to amended complaint, and for the reasons set forth in this court's opinion dated March 16, 1992, and for the reasons set forth in the foregoing opinion, it is hereby ordered, adjudged and decreed that the preliminary objections filed by Ladbroke Racing Management-PA. Inc. are granted and the complaint filed by Andrew J. Moran is dismissed.